Eastern District of Kentucky
FILED
OCT 1 7 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-250-JMH

THOMAS MASOTTO                                                      PETITIONER

**MEMORANDUM OPINION AND ORDER**

WARDEN JOE W. BOOKER, ET AL.                                        RESPONDENT

Thomas Masotto, an individual currently incarcerated in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a *pro se* petition for writ of habeas corpus [Record No. 1]. He has paid the $5.00 filing fee [Record No.4].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

CLAIMS

The petitioner states that in 1994 he was convicted in the United States District Court for the Eastern District of New York ("the trial court") for criminal offenses relating to Fraud, Firearms,

Racketeering, Arson, Robbery and Loansharking. He received a 248-month sentence. The Second Circuit affirmed his conviction in 1996. *See United States v. Masotto*, 73 F.3d 1233 (2nd Cir. 1996). The petitioner states that he filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255, which the trial court denied on August 22, 1997.[1]

In the Memorandum of Law which the petitioner attached to his §2241 petition, he devoted a substantial amount of time challenging numerous aspects of his criminal conviction, such as evidentiary rulings; tactics the prosecutors employed at trial; the credibility of the government's evidence produced at trial; the veracity of various witnesses who testified against him; and the jury instructions. He cites *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604 (1998), for the proposition that he is actually innocent of the crimes of which he was convicted in the trial court.

The petitioner further alleged that his sentence was unconstitutionally enhanced in violation of the due process of law requirement in the Fifth Amendment. The petitioner cited three Supreme Court decisions. The first case is *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348 (2000), in which the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

The second case the petitioner cites is *Blakely v. Washington*, 524 U.S. 596, 124 S.Ct. 2531, 159 L. Ed.2d 403 (2004), in which the Supreme Court held that the determinate sentencing system in effect in the state of Washington was invalid on Sixth Amendment grounds. According to

---

[1] The petitioner appealed the denial of his § 2255 motion to the Second Circuit. On January 5, 2000, the Second Circuit issued an order vacating and remanding the trial court's August 22, 1997 denial of the §2255 motion. *See Masotto v. United States*, 205 F.3d 1323 (Table), 2000 WL 19096 (2nd Cir. (N.Y.)) (Unpublished Decision).

2

*Blakely*, the "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S.Ct. at 2537.

The third case is *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738, 749 160 L. Ed.2d 621 (2005), in which the Supreme Court made its *Apprendi* holding applicable to the federal sentencing guidelines. *See Booker*, 125 S.Ct. at 756. *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756.

For the reasons which the Court will discuss, the petition fails to state a claim upon which relief can be granted, and must be dismissed. 28 U.S.C. §1915(e)(2)(ii).

## DISCUSSION
### 1. §2255 Remedy Not Inadequate

First, relief under §2241 is not appropriate where, as here, the petitioner previously presented his instant claim to the trial court under 28 U.S.C. §2255 and lost. *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999). The law of the Sixth Circuit, as discussed in *Charles*, is well established: the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief.

### 2. "Actual Innocence" Claim Without Merit

Second, even if the Court were to consider the merits of the petitioner's actual innocence arguments under *Bousley*, he would not prevail. In *Bousley*, the Supreme Court explained that "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more

3

likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court continued, stating, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

In the petitioner's direct appeal of his criminal conviction, the Second Circuit discussed at length the petitioner's role in the crimes of which he was convicted. *See United States v. Masotto*, 73 F.3d 1233, 1239-1242. That opinion amply reveals that the petitioner and his co-conspirators were properly convicted of carrying firearms during drug trafficking offenses.[2] Thus, the petitioner's claim that he was "actually innocent" of that offense is without merit.

### 3. *Apprendi, Blakely* and *Booker* Do Not Apply

Third, to the extent that the petitioner relies on *Apprendi*, *Blakely* and *Booker* in arguing that his sentence was improperly enhanced, his reliance on these cases is misplaced. The Sixth Circuit has long held that *Apprendi* is not retroactively applicable to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 492 (6th Cir.2001) ("[w]hile this court has applied *Apprendi* to cases on direct appeal, we have not applied its new rule retroactively to cases on collateral review") ( §2255 motion); *Perkins v. Thoms*, 23 Fed.Appx. 256 (6th Cir.2001) (§2241 petition).

In *Blakely*, the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory minimum was

---

[2]

In *United States v. Masotto*, Judge Miner of the Second Circuit, held that: (1) trial court's error in failing to instruct jury that government must prove that defendant participated in operation or management of enterprise to impose liability under RICO was harmless; (2) defendant was not entitled to jury instruction that government must prove that defendant performed some act that directly facilitated or encouraged the use or carrying of firearm in order to convict him, under *Pinkerton* [*v. United States*, 328 U.S. 640 (1946)] theory, of using and carrying firearm during commission of robbery; and (3) evidence was sufficient to convict defendant of using and carrying firearm during robbery under *Pinkerton* theory, even though defendant did not participate in robbery. *Id.* F.3d at 1233.

4

unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S.Ct. at 2536. Despite the recent extension of the *Blakely* principle to the Federal Sentencing Guidelines, the Supreme Court strongly implied in *Booker* that the new rule cannot be applied retroactively to cases on collateral review. *See also In re Dean*, 375 F.3d 1287, 1290 (11th Cir.2004) ("[the §2255 petitioner] cannot show that the Supreme Court has made [the *Blakely*] decision retroactive to cases already final on direct review.").

In conformity with other courts addressing the same issue, the Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855 (6th Cir. Feb. 25, 2005); *accord McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (*Booker* does not apply retroactively to criminal cases that became final before release of the case on January 12, 2005.); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005) (per curiam) ("[W]e conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review.").

As this Court is bound by--and in full agreement with--the recently published *Humphress* decision, *Blakely* and its progeny cannot be applied retroactively on collateral review and provide the petitioner with grounds for relief from his conviction and sentence. The petitioner's claims will therefore be dismissed with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) This action will be **DISMISSED WITH PREJUDICE**, *sua sponte*, from the docket of the Court.

5

(2)   The petitioner's "Motion For Advice of Status" [Record No. 5] is **DENIED** as **MOOT**.

(3)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 17th day of October, 2005.

*Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE